```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ANTHONY SILVESTER, III,**

      **Plaintiff,**

**v.**                           **//   CIVIL ACTION NO. 1:13CV255**
                                              **(Judge Keeley)**

**JAMES I. DAVIS, in his individual capacity
and in his capacity as Grafton City Police
Department Sergeant and KEITH HADDIX,
in his individual capacity and in his capacity as
Taylor County Sheriff's Deputy,**

      **Defendants.**

**MEMORANDUM OPINION ORDER GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS [DKT. NOS. 6 & 8]**

### I. INTRODUCTION

Pending before the Court are the motions of the defendants, Sergeant James I. Davis ("Davis") and Deputy Keith Haddix ("Haddix") (collectively, "the defendants"), to dismiss the complaint of the plaintiff, Anthony Silvester, III ("Silvester") for failure to file his complaint within the two year statute of limitations. (Dkt. Nos. 6 & 8). For the reasons that follow, the Court **GRANTS** the defendants' motions.

### II. FACTUAL BACKGROUND

This case arises as a result of a high speed chase through the streets of Grafton, West Virginia,[1] on August 27, 2010. On that

---

[1] On a motion to dismiss, the Court treats all well-pled facts to be true, and draws all reasonable inference in the plaintiff's favor. Nemet Chevrolet, Ltd. v. ConsumerAffairs.com, F.3d 250, 253 (4th Cir. 2009).

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS [DKT. NOS. 6 & 8]**

date, a pharmacist at the Grafton, West Virginia, Rite-Aid informed local authorities that Silvester was attempting to fill a forged prescription. As Sergeant Davis of the Grafton City Police Department arrived on the scene, Silvester fled the store's parking lot in a blue Chevrolet. Davis gave chase, later joined by Deputy Haddix of the Taylor County Sheriff's Department. Eventually, Silvester stopped his car on the side of the road, but when Davis approached, he sped off again. Davis responded by firing his gun at Silvester's car, rupturing Silvester's tire and forcing him, again, to the roadside. Silvester got out of the Chevrolet, and Haddix, who also had pulled over to the berm, tackled Silvester and placed him in a chokehold. Davis then joined in, striking Silvester around the head and neck. Silvester suffered numerous injuries, which were exacerbated by his hemophilia.

### III. PROCEDURAL HISTORY

Silvester originally filed suit against the defendants in this Court on August 24, 2012, alleging Eighth Amendment violations related to the events surrounding his August 27, 2010 arrest. (Civ. Act. No. 1:12cv136). The defendants subsequently filed a motion to dismiss Silvester's complaint for failure to state a claim upon which relief can be granted, which the Court granted on April 17, 2013. Id. As a consequence, the Court dismissed Silvester's

complaint without prejudice, finding that he had failed to state a claim pursuant to 42 U.S.C. § 1983 under the Eighth Amendment. Id.

On November 26, 2013, Silvester filed the instant action against the defendants, relating again the events surrounding his August 27, 2010 arrest. His complaint alleges claims under 42 U.S.C. § 1983 for a violation of his Fourth Amendment rights, as well as for assault and intentional infliction of emotional distress. Without explanation, Silvester's complaint states that it is timely filed within the two year statute of limitations. Id.

The defendants filed motions to dismiss on January 17, 2014 and January 27, 2014, in which they argue that Silvester failed to file his complaint within the applicable two year statute of limitations. Silvester responded to the motions on January 31, 2014, conceding that he had not filed his complaint within the two year statute of limitations, but contending that his claims survive through application of the "savings statute" found at W.Va. Code § 55-2-18(a). (Dkt. No. 11).

## IV. STANDARD OF REVIEW

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. Ashcroft v.

3

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS'**
**MOTIONS TO DISMISS [DKT. NOS. 6 & 8]**

Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). In its determination of plausibility, the Court must consider all well-pleaded factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 519 F.3d 250, 253 (4th Cir. 2009). The Court also may consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Fed. R. Evid. 201. Philips, 572 F.3d at 180 (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); see also Katyle, 637 F.3d at 466.

Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

4

## V. DISCUSSION

Silvester has conceded that he did not file his complaint within the applicable two year statute of limitations.[2] (Dkt. No. 11). Thus, the only issue is whether his claims survive through application of the savings statute.

West Virginia's savings statute, W.Va. Code § 55-2-18, provides a one year savings period for refiling under certain circumstances. This statute is only applicable, however, if the case was not dismissed involuntarily or dismissed upon the merits of the action. W.Va. Code § 55-2-18. Furthermore, "the action presently before the court must be the same cause of action with the same parties as the one previously filed." Daye v. Rubenstein, 2012 WL 524430 (S.D. W.Va. 2012) (citing Town of Clendenin ex. rel. Fields v. Lendsome, 129 W.Va. 388, 392 (1946)).

Silvester's prior action against the defendants alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment as its sole cause of action. His instant

---

[2] The Court applies West Virginia's statute of limitations for § 1983 actions, since no federal statute of limitations for these matters exists. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). In this instance, W.Va. Code § 55-2-12 provides a personal action shall be filed within two years from the time of the incident.

complaint, although arising from the same set of facts and suing the same defendants as alleged in his original complaint, asserts separate and distinct causes of action, for violations of the Fourth Amendment, assault, and battery. As noted in Ledsome, 129 W.Va. at 392, in order for the savings statute to apply, the action before the court must be the *same cause of action* with the same parties as the one previously filed. Thus, the savings statute does not apply in this instance, and Silvester's complaint is therefore subject to dismissal for failure to file within the two year statute of limitations.

## VI. CONCLUSION

For the reasons discussed, the Court **GRANTS** the defendants' motions to dismiss, (dkt. nos. 6 & 8), and **DISMISSES WITH PREJUDICE** Silvester's complaint as untimely, (dkt. no. 1). Further, the Court **CANCELS** the scheduling conference set for Friday March, 21, 2014, and **ORDERS** that this case be stricken from its active docket.

It is so **ORDERED**.

**SILVESTER v. DAVIS, ET AL**                                    **1:13CV255**

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS [DKT. NOS. 6 & 8]**

Pursuant to Fed. R. Civ. P. 58(a), the Court **DIRECTS** the Clerk to prepare a separate judgment order and to transmit copies of both orders to counsel of record.

DATED: March 20, 2014.

>                       /s/ Irene M. Keeley
>                       IRENE M. KEELEY
>                       UNITED STATES DISTRICT JUDGE